ASK LLP
Joseph L. Steinfeld, Jr., Esq.
Brigette McGrath, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 406-9665 Fax: (651) 406-9676

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Sizmek, Inc., *et al.*,[1] | Case No. 19-10971 (SMB) |
| Debtors. | (Jointly Administered) |
| Sizmek DSP, Inc., Plaintiff, v. The Nielsen Company (US), LLC; and AC Nielsen Company Ltd., Defendants. | Adv. No. 20-01172 |

**AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS**
**PURSUANT TO 11 U.S.C. §§ 547 AND 550 AND TO DISALLOW CLAIMS**
**PURSUANT TO 11 U.S.C. § 502**

Sizmek DSP, Inc. (the "Plaintiff"), one of the debtors in the above-captioned chapter 11

case, by and through its undersigned counsel, files this amended complaint (the "Amended

Complaint") to avoid and recover transfers against The Nielsen Company (US), LLC; and AC

---

[1] Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Sizmek Inc. (4624); Sizmek DSP, Inc. (2319); Point Roll, Inc. (3173); Sizmek Technologies, Inc. (6402); Wireless Artist LLC (0302); Wireless Developer, Inc. (9686); X Plus One Solutions, Inc. (8106); and X Plus Two Solutions, LLC (4914). The location of Debtors' service address for purposes of these chapter 11 cases is: 401 Park Avenue South, Fifth Floor, New York, NY 10016.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

Nielsen Company Ltd. (the "Defendants") and to disallow any claims held by Defendants. In support of this Amended Complaint, Plaintiff alleges upon information and belief that:

## NATURE OF THE CASE

1.    Plaintiff seeks to avoid and recover from Defendants, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtors pursuant to sections 547 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.    In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendants have filed or asserted against the Debtors or that has been scheduled for Defendants. Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## JURISDICTION AND VENUE

3.    This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Southern District of New York (the "Court"), captioned *In re Sizmek, Inc., et al.,* Case No. 19-10971 (SMB), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.    The statutory and legal predicates for the relief sought herein are sections 502, 547, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

US_141709268v1_392655-00001 10/10/2019 9:51 AM

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2).  Plaintiff consent to entry of final orders and judgment by the Court.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

7.      On March 29, 2019 (the "Petition Date"), Plaintiff and its debtor affiliates (collectively, the "Debtors") each commenced a case by filing a voluntary petition for relief in this Court under chapter 11 of the Bankruptcy Code. The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).

9.      On April 17, 2019, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Committee of Unsecured Creditors (the "Committee"). [D.I. 73]

## THE PARTIES

10.     The Debtors provide online advertising, campaign management, and distribution platform services for advertisers, media agencies, and publishers.

11.     Pursuant to Bankruptcy Code sections 547, 550, 1106, and 1107, Plaintiff is authorized and has standing to pursue this avoidance action.

12.     Upon information and belief, The Nielsen Company (US), LLC was, at all relevant times, a vendor or creditor that provided goods and/or services to or for Plaintiff. Upon further

3

information and belief, at all relevant times, The Nielsen Company (US), LLC's principal place

of business is located at 85 Broad Street, New York, New York 10004.

13.     Upon information and belief, AC Nielsen Company Ltd. was, at all relevant times,

a vendor or creditor that provided goods and/or services to or for Plaintiff. Upon further

information and belief, at all relevant times, AC Nielsen Company Ltd.'s principal place of

business is located at AC Nielsen House John Smith Drive, Oxford, Oxfordshire, OX4 2WB,

United Kingdom.

## FACTUAL BACKGROUND

14.     Prior to the Petition Date, Plaintiff, as a provider of online advertising, campaign

management, and distribution platform services, maintained business relationships with various

business entities and individuals, through which Plaintiff regularly purchased, sold, received,

and/or delivered goods and services.

15.     At the beginning of 2019, the Debtors learned that Vector Capital would not

provide additional funding to them. This led to the Debtors' first lien lenders (the "First Lien

Lenders") undertaking an extensive diligence process whereby the First Lien Lenders determined

whether to replace the general partner of the Debtors' ultimate parent, thereby taking control.

Ultimately, the First Lien Lenders opted not to take control and, instead, exercised certain

remedies, including restricting the Debtors' access to their cash management accounts. All of the

foregoing led to the Debtors' decision to file their bankruptcy petitions.

16.     During the ninety (90) days before and including the Petition Date, that is between

December 29, 2018 and March 29, 2019 (the "Preference Period"), Plaintiff continued to operate

its business, including the transfer of money, either by checks, cashier checks, wire transfers,

ACH transfers, direct deposits or otherwise to various entities.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

17.     Upon information and belief, during the course of their relationship, the Defendants

and Plaintiff entered into agreements for the purchase of goods and/or services by Plaintiff from

the Defendants, which are evidenced by one or more contracts, purchase orders, invoices,

communications and other documents (collectively, the "Agreements"). Upon further information

and belief, the Agreements concerned and related to the goods and/or services provided by

Defendants to the Plaintiff. Plaintiff's payments to the Defendants pursuant to the Agreements

during the Preference Period are set forth on the Statements of Account, which are attached hereto

and incorporated by reference as Exhibit A (The Nielsen Company (US) LLC) and Exhibit B (AC

Nielsen Company Ltd.). Such details include "Invoice Number," "Invoice Date," "Invoice

Amount," and the "Payment Date."

18.     Plaintiff is seeking to avoid all of the transfers of an interest of Plaintiff's property

made by Plaintiff to Defendants within the Preference Period.

19.     Plaintiff made transfer(s) of an interest of Plaintiff's property to or for the benefit

of Defendants during the Preference Period through payments aggregating not less than the

amounts set forth on Exhibit A (The Nielsen Company (US) LLC) (the "Nielsen (US) Transfers")

and Exhibit B (AC Nielsen Company Ltd.) (the "AC Nielsen Transfers") hereto (collectively, the

"Transfer" or "Transfers"). The details of each Transfer are set forth on Exhibits A and B attached

hereto and incorporated by reference. Such details include "Check Number," "Check Amount,"

"Check Clear Date," and "Debtor Transferor(s)."

20.     On or about January 31, 2020, Plaintiff, through counsel, sent a demand letter (the

"Demand Letter") to The Nielsen Company (US), LLC, seeking a return of the Transfer(s). The

Demand Letter indicated the potential statutory defenses available to The Nielsen Company (US),

LLC pursuant to 11 U.S.C. § 547(c), and requested that if The Nielsen Company (US), LLC had

5

US_141709268v1_392655-00001 10/10/2019 9:51 AM

evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same. Plaintiff also performed its own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendants.

21.     Based upon Plaintiff's review of the information, if any, provided by Defendants prior to filing this Amended Complaint, and after performing its own due diligence evaluation of the reasonably knowable affirmative defenses to avoidance of the Transfer(s), Plaintiff has determined that Plaintiff may avoid some or all of the Transfers even after taking into account Defendants' alleged affirmative defenses.

22.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendants during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code. It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendants or any other transferee. Plaintiff reserves its right to amend this Amended Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendants' name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this Amended Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**
**The Nielsen Company (US), LLC**

23.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

6

24.     During the Preference Period, Plaintiff made the Nielsen (US) Transfers to or for

the benefit of The Nielsen Company (US), LLC in an aggregate amount not less than the amount

set forth on Exhibit A hereto.

25.     Each Nielsen (US) Transfer was made from Plaintiff, and constituted a transfer of

an interest in Plaintiff's property.

26.     The Nielsen Company (US), LLC was a creditor of Plaintiff at the time of each

Nielsen (US) Transfer by virtue of supplying goods and/or services to Plaintiff for which Plaintiff

was obligated to pay in accordance with the Agreements.  See Exhibit A.

27.     Each Nielsen (US) Transfer was to or for the benefit of a creditor within the

meaning of 11 U.S.C. § 547(b)(1) because each Nielsen (US) Transfer either reduced or fully

satisfied a debt or debts then owed by Plaintiff to The Nielsen Company (US), LLC.  See Exhibit

A.

28.     Each Nielsen (US) Transfer was made for, or on account of, an antecedent debt or

debts owed by Plaintiff to The Nielsen Company (US), LLC before such Nielsen (US) Transfers

were made, as asserted by Defendants and memorialized in the Agreements, each of which

constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of The Nielsen

Company (US), LLC prior to being paid by Plaintiff.  See Exhibit A.

29.     Each Nielsen (US) Transfer was made while Plaintiff was insolvent. Plaintiff is

entitled to the presumption of insolvency for each Nielsen (US) Transfer made during the

Preference Period pursuant to 11 U.S.C. § 547(f).

30.     Each Nielsen (US) Transfer was made during the Preference Period, as set forth on

Exhibit A.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

31.     As a result of each Nielsen (US) Transfer, The Nielsen Company (US), LLC received more than it would have received if: (i) Plaintiff's bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the Nielsen (US) Transfers had not been made; and (iii) The Nielsen Company (US), LLC received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Plaintiff's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, Plaintiff's liabilities exceed its assets such that Plaintiff's unsecured creditors will not receive payment of their claims in full from the Plaintiff's bankruptcy estate.

32.     In accordance with the foregoing, each Nielsen (US) Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

**Second Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**
**The Nielsen Company (US), LLC**

33.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Second Claim for Relief.

34.     Plaintiff is entitled to avoid the Nielsen (US) Transfer(s) pursuant to 11 U.S.C. § 547(b).

35.     The Nielsen Company (US), LLC was the initial transferee of the Nielsen (US) Transfers or the immediate or mediate transferees of such initial transferees or the person for whose benefit the Nielsen (US) Transfers were made.

36.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from The Nielsen Company (US), LLC the Nielsen (US) Transfers, plus interest thereon to the date of payment and the costs of this action.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

**Third Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**
**The Nielsen Company (US), LLC**

37.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

38.     The Nielsen Company (US), LLC is a transferee of transfers avoidable under section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

39.     The Nielsen Company (US), LLC has not paid the amount of the Nielsen (US) Transfers, or turned over such property, for which The Nielsen Company (US), LLC is liable under 11 U.S.C. § 550.

40.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of The Nielsen Company (US), LLC and/or its assignees, against the Debtors' chapter 11 estate or Plaintiff must be disallowed until such time as The Nielsen Company (US), LLC pays to Plaintiff an amount equal to the aggregate amount of the Nielsen (US) Transfers, plus interest thereon and costs.

41.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of The Nielsen Company (US), LLC, and/or its assignees, against the Debtors' chapter 11 estate or Plaintiff previously allowed by Debtors or by Plaintiff, must be reconsidered and disallowed until such time as The Nielsen Company (US), LLC pays to Plaintiff an amount equal to the aggregate amount of the Nielsen (US) Transfer(s).

**Fourth Claim for Relief**
**(Avoidance of Preference Period Transfers – 11 U.S.C. § 547)**
**AC Nielsen Company Ltd.**

42.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

9

43. During the Preference Period, Plaintiff made the AC Nielsen Transfers to or for the benefit of AC Nielsen Company Ltd. in an aggregate amount not less than the amount set forth on Exhibit B hereto.

44. Each AC Nielsen Transfer was made from Plaintiff, and constituted a transfer of an interest in Plaintiff's property.

45. AC Nielsen Company Ltd. was a creditor of Plaintiff at the time of each AC Nielsen Transfer by virtue of supplying goods and/or services to Plaintiff for which Plaintiff was obligated to pay in accordance with the Agreements.  See Exhibit B.

46. Each AC Nielsen Transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each AC Nielsen Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to AC Nielsen Company Ltd.  See Exhibit B.

47. Each AC Nielsen Transfer was made for, or on account of, an antecedent debt or debts owed by Plaintiff to AC Nielsen Company Ltd. before such AC Nielsen Transfers were made, as asserted by Defendants and memorialized in the Agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of AC Nielsen Company Ltd. prior to being paid by Plaintiff.  See Exhibit B.

48. Each AC Nielsen Transfer was made while Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each AC Nielsen Transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

49. Each AC Nielsen Transfer was made during the Preference Period, as set forth on Exhibit B.

50. As a result of each AC Nielsen Transfer, AC Nielsen Company Ltd. received more than it would have received if: (i) Plaintiff's bankruptcy case was a case under chapter 7 of the

10

Bankruptcy Code; (ii) the AC Nielsen Transfers had not been made; and (iii) AC Nielsen Company Ltd. received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by Plaintiff's schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, Plaintiff's liabilities exceed its assets such that Plaintiff's unsecured creditors will not receive payment of their claims in full from the Plaintiff's bankruptcy estate.

51.     In accordance with the foregoing, each AC Nielsen Transfer is avoidable pursuant to 11 U.S.C. § 547(b).

### Fifth Claim for Relief
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**
**AC Nielsen Company Ltd.**

52.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein, to the extent they are not inconsistent with allegations contained in this Fifth Claim for Relief.

53.     Plaintiff is entitled to avoid the AC Nielsen Transfers pursuant to 11 U.S.C. § 547(b).

54.     AC Nielsen Company Ltd. was the initial transferee of the AC Nielsen Transfers or the immediate or mediate transferees of such initial transferee or the person for whose benefit the AC Nielsen Transfers were made.

55.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from AC Nielsen Company Ltd. the AC Nielsen Transfers, plus interest thereon to the date of payment and the costs of this action.

### Sixth Claim for Relief
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**
**AC Nielsen Company Ltd.**

56.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

57.     AC Nielsen Company Ltd. is a transferee of transfers avoidable under section 547 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

58.     AC Nielsen Company Ltd. has not paid the amount of the AC Nielsen Transfers, or turned over such property, for which AC Nielsen Company Ltd. is liable under 11 U.S.C. § 550.

59.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of AC Nielsen Company Ltd. and/or its assignees, against the Debtors' chapter 11 estate or Plaintiff must be disallowed until such time as AC Nielsen Company Ltd. pays to Plaintiff an amount equal to the aggregate amount of the AC Nielsen Transfers, plus interest thereon and costs.

60.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of AC Nielsen Company Ltd., and/or its assignees, against the Debtors' chapter 11 estate or Plaintiff previously allowed by Debtors or by Plaintiff, must be reconsidered and disallowed until such time as AC Nielsen Company Ltd. pays to Plaintiff an amount equal to the aggregate amount of the AC Nielsen Transfers.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court grant the following relief against Defendants:

A. On Plaintiff's First and Second Claims for Relief, judgment in favor of Plaintiff and against The Nielsen Company (US), LLC, avoiding all of the Nielsen (US) Transfers and directing The Nielsen Company (US), LLC to return to Plaintiff the amount of the Nielsen (US) Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

US_141709268v1_392655-00001 10/10/2019 9:51 AM

B. On Plaintiff's Third Claim for Relief, judgment in favor of Plaintiff and against The

Nielsen Company (US), LLC disallowing any claims held or filed by The Nielsen

Company (US), LLC against the Plaintiff until The Nielsen Company (US), LLC

returns the Nielsen (US) Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and

(j);

C. On Plaintiff's Fourth and Fifth Claims for Relief, judgment in favor of Plaintiff and

against AC Nielsen Company Ltd., avoiding all of the AC Nielsen Transfers and

directing AC Nielsen Company Ltd. to return to Plaintiff the amount of the AC

Nielsen Transfers, pursuant to 11 U.S.C. §§ 547(b) and 550(a), plus interest from

the date of demand at the maximum legal rate and to the fullest extent allowed by

applicable law, together with the costs and expenses of this action including,

without limitation, attorneys' fees;

D. On Plaintiff's Sixth Claim for Relief, judgment in favor of Plaintiff and against AC

Nielsen Company Ltd. disallowing any claims held or filed by AC Nielsen

Company Ltd. against the Plaintiff until AC Nielsen Company Ltd. returns the AC

Nielsen Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

E. Such other and further relief as this Court may deem just and proper.

US_141709268v1_392655-00001 10/10/2019 9:51 AM

Dated: September 11, 2020

**ASK LLP**

By: /s/ *Brigette McGrath*
Joseph L. Steinfeld, Jr., Esq., MN SBN 0266292
Brigette McGrath, Esq., NY SBN 4962379
Nicholas C. Brown, Esq., NC SBN 38054
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, MN  55121
Telephone: (651) 289-3867
Fax: (651) 406-9676
Email: nbrown@askllp.com

*-and-*

Edward E. Neiger, Esq.
151 West 46th Street, 4th Fl.
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Attorneys for Plaintiff*

14